UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAMIAN D., *on behalf of A.C., a minor*, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-CV-266-CHB |
| ) | |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, *Commissioner of* ) | **ORDER ADOPTING MAGISTRATE** |
| *Social Security*, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Magistrate Judge Colin H. Lindsay's Report and Recommendation ("Recommendation") [R. 14] and Plaintiff Damian D.'s objection thereto [R. 15]. The Commissioner responded, urging the Court to adopt Magistrate Judge Lindsay's Recommendation over Plaintiff's objection. [R. 17]. For the reasons that follow, the Court will adopt Magistrate Judge Lindsay's Recommendation and affirm the final decision of the Commissioner.

**I.   Background**

On October 11, 2018, Plaintiff Damian D. protectively filed an application for Supplemental Security Income ("SSI") benefits on behalf of A.C., a minor, from the Social Security Administration under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3) (the "Act"), alleging disability beginning on June 19, 2015. [R. 8 (Administrative Record) (hereinafter "Administrative Transcript" or "Tr."), at 199–204]. Plaintiff claimed disability for A.C. based on Attention Deficit Hyperactivity Disorder (ADHD), anxiety disorder, adjustment disorder, incontinence, allergies, and sensory processing disorder. *Id.* The application was denied initially on March 19, 2019 (Tr. 111) and upon reconsideration on August 20, 2019 (Tr. 126). Upon

Plaintiff's request, a hearing was conducted in Louisville, Kentucky before Administrative Law Judge Steven Collins ("ALJ Collins") on August 11, 2020. (Tr. 37–77). ALJ Collins issued an unfavorable decision on December 29, 2020. (Tr. 18–29).

Because A.C. is under the age of 18,[1] ALJ Collins applied the three-step sequential analysis promulgated by the Commissioner for evaluating a disability claim for a minor claimant, 20 C.F.R. § 416.924(a), and found as follows. First, A.C. has not engaged in substantial gainful activity since the alleged onset date. [Tr. 22]. Second, A.C. has the severe impairments of Attention Deficit Hyperactivity Disorder (ADHD), incontinence, functional neurologic disorder, conversion disorder, anxiety, and tethered cord syndrome status/post release. *Id.* Third, none of A.C.'s impairments or combination of impairments meets or medically equals the severity of a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App'x 1. *Id.*

Based on this evaluation, ALJ Collins concluded that A.C. was not disabled, as defined in the Social Security Act, from October 11, 2018, the date the SSI application was filed, through the date of his decision. [Tr. 29]. Plaintiff sought review of ALJ Collins's decision, and the Appeals Council declined review on March 23, 2022. [Tr. 1]. At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. [R. 1].

## II. Standard of Review

When a party timely objects, the Court reviews *de novo* only those portions of a Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). On review, the Court "may accept, reject, or modify the recommended

---

[1] A claimant under the age of 18 is considered disabled if they have a physical or mental impairment, or combination of impairments, that results in marked and severe functional limitations that have lasted or can be expected to last for a continuous period of not less than 12 months, or can be expected to result in death. *See generally* 20 C.F.R. § 416.924.

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review *de novo* the portions of Magistrate Judge Lindsay's Recommendation to which Plaintiff properly objects.

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## I. Analysis

From what the Court can decipher, Plaintiff raises three broad objections to Magistrate Judge Lindsay's Recommendation.[2] First, he argues ALJ Collins erred in failing to consider the Bingham Clinic and Whitten Services Psychological records at "step 4"[3] in the sequential analysis.

---

[2] Plaintiff's objection reads in many ways as a stream-of-consciousness. It contains no paragraph headings, no topic sentences, and is difficult to follow. To the extent Plaintiff has attempted to assert additional arguments than those addressed herein, they are deemed insufficiently developed "general objections" that fail to show the Court what portions of the Recommendation it must specially consider, "thereby making the initial reference to the magistrate [judge] useless." *Cline v. Myers*, 495 F. App'x 578, 580 (6th Cir. 2012) (citation omitted). Indeed, the Sixth Circuit has explained that "the district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.' The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal citations omitted). A general objection to a magistrate judge's report and recommendation is treated as a failure to object, *Cline*, 495 F. App'x at 580, (citation omitted), and the Court need not review a magistrate judge's findings when no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150–52 (1985).

[3] Because there are only three steps in the sequential analysis when determining disability for a claimant under age 18, *see* 20 C.F.R. § 416.924, the Court presumes Plaintiff is referring to ALJ Collins's fourth finding (listed impairments) at step three of the sequential evaluation process.

[R. 15, p. 1]. Plaintiff next argues ALJ Collins erred in finding A.C. did not meet a Listed Impairment, and that Magistrate Judge Lindsay misinterpreted applicable law in finding that ALJ Collins's finding was supported by substantial evidence in the record. *Id.* at 2–4. Relatedly, Plaintiff argues ALJ Collins's determination that A.C. did not have two marked limitations under 20 C.F.R. 416.926(e)(2) was erroneous. *Id.* at 5. Lastly, Plaintiff takes issue with Magistrate Judge Lindsay's observation that Plaintiff did not dispute A.C.'s non-epileptic events had ceased a year prior to the administrative hearing because "these events . . . were factors that when added to the other cited symptoms, provided a continuous flow, when considering the whole person, of over 12 months of disabling symptoms." *Id.* at 6. For all these reasons, Plaintiff suggests the Court should reject Magistrate Judge Lindsay's Recommendation and remand the case "with direction that benefits be paid." *Id.*

In response, the Commissioner simply offers that he "agrees with the R&R and has no objection" and, "[a]s to the points raised in Plaintiff's objection, in the interest of brevity and clarity Defendant relies on the responses to these same issues that were addressed in Defendant's brief." [R. 17, p. 1]. The Commissioner suggests Plaintiff's arguments "amount to no more than an attempt to get this Court to reweigh the evidence, . . . an invitation that should be denied." *Id.*

Taking Plaintiff's arguments out of turn, the Court first finds that Plaintiff's point concerning A.C.'s non-epileptic events is so insufficiently developed that the Court cannot ascertain its relevance. Plaintiff cites no authority, offers no supportive arguments, and fails to even state a position for the Court to consider. Plaintiff merely points out that neither he, ALJ Collins, nor Magistrate Judge Lindsay dispute when A.C.'s non-epileptic events resolved. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)

(citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived"). Particularly since Plaintiff does not disagree with Magistrate Judge Lindsay's finding that A.C.'s non-epileptic events ceased one year before the administrative hearing, the Court declines to further consider this point.

Next, contrary to Plaintiff's assertion, ALJ Collins was not required to consider the Bingham Clinic and Whitten Services Psychological records at any particular step in the sequential analysis as long as it was clear he considered them in making his decision. *See Al Shuwaili v. Kijakazi*, No. 3:20-CV-00490-RSE, 2022 WL 196288, at *3 (W.D. Ky. Jan. 21, 2022) ("Although [the ALJ] did not address this evidence at steps two or three of his analysis, it was not necessary for him to do so since it is clear he considered it elsewhere."); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (recognizing that when sufficient factual findings are made elsewhere, an ALJ need not "spell out every fact a second time"); *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."); *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 446 (6th Cir. 2018) (finding "the ALJ was not required to explain every piece of evidence in the record" and that "an 'ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party'").

As Magistrate Judge Lindsay found, ALJ Collins clearly considered the Bingham Clinic and Whitten Services Psychological records, as he references them "elsewhere in his decision[.]" [R. 14, p. 6]. ALJ Collins noted Exhibit 36F, the Whitten Psychological Services records, "were obtained on the claimant's behalf and added to the record," [Tr. 21], and observed that in early 2018, "claimant had psychogenic non-epileptic seizures characterized by a period of

unresponsiveness that aborted with ammonia salts," which he gleaned in part from Exhibit 29F, the Bingham Clinic records. Plaintiff incorrectly suggests that ALJ Collins's failure to consider all relevant medical evidence at a particular step in the sequential evaluation violates "the law that requires a specific stepped process." [R. 15, p. 2]. ALJ Collins did follow the three-step sequential analysis here and, as the Court has already stated, Sixth Circuit precedent makes clear that he was not required to discuss all relevant evidence at each step.

Plaintiff's next argument, that ALJ Collins erred in evaluating A.C.'s impairments and that Magistrate Judge Lindsay misinterpreted the applicable law on review, [R. 15, pp. 2–4], is similarly unavailing. With respect to a minor claimant, an impairment reaches listing-level when it "cause[s] marked and severe functional limitations." 20 C.F.R. §§ 416.925(a), (b)(2)(i). An impairment must satisfy all criteria of a listing to "meet" listing-level; a diagnosis alone is insufficient, and satisfaction of only some criteria is likewise insufficient. *Id.* at § 416.925(d). An impairment may also qualify as disabling if it "medically equals" a listed impairment, meaning it is "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

Medical equivalence can be demonstrated in three ways: (1) the claimant has a listed impairment but does not exhibit the specified severity or findings, yet has "other findings" that are "at least of equal medical significance" to the criteria; (2) the claimant has a non-listed impairment that is "at least of equal medical significance" to a listed impairment; or (3) the claimant has a combination of impairments which do not individually meet a Listed Impairment, but are "at least of equal medical significance" to a listing when viewed in totality. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 n.2 (6th Cir. 2011) (quoting 20 C.F.R. § 416.926; 20 C.F.R. § 404.1526). The claimant must point to specific findings that either duplicate the enumerated

criteria of the listed impairment to "meet" the Listing or that demonstrate medical equivalency. *Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, 529 (6th Cir. 2006); *Thacker*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."). The claimant therefore shoulders the burden of proving his impairment satisfies all the specified criteria of a Listing or is equivalent to the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530–31 (1990).

Magistrate Judge Lindsay accurately recited these standards in his Recommendation, *see* [R. 14, pp. 5–6], and found that "Claimant's general criticism fails to demonstrate a 'substantial question' about whether Claimant met any of those Listings as required," *id.* at 8. Indeed, a "substantial question" requires the claimant to "point to specific evidence that demonstrates [he or she] reasonably could meet or equal every requirement of the listing." *Smith-Johnson*, 579 F. App'x at 432. Magistrate Judge Lindsay further noted:

> As to the issue of medical equivalence with Listing 111.02, the undersigned finds Claimant's argument opaque. Not only did Claimant fail to clearly articulate that he was arguing medical equivalence as set forth above, he also did not specifically indicate which of the three pathways to medical equivalence he was invoking. It is Claimant's burden to point the Court to medical findings demonstrating equivalence. *Sullivan*, 493 U.S. at 531.
> . . .
> As to the issue of medical equivalence with Listing 112.07, as with Listing 111.02 above, the undersigned finds Claimant's argument regarding the same much less than developed enough to merit further discussion. Claimant again failed to clearly reference medical equivalence or to specifically indicate which of the three pathways to medical equivalence he was invoking as to this particular Listing. He also did not clearly articulate how the records he cited demonstrated equivalence.

*Id.* at 10, 14. Plaintiff takes issue with Magistrate Judge Lindsay's use of the term "pathway," arguing "[t]here is no 'pathway' requirement at page 531 [of *Sullivan*] cited by the Magistrate

Judge . . . nor anywhere in the decision." [R. 15, p. 3]. This argument focuses on form over substance. Magistrate Judge Lindsay does not suggest the Supreme Court created a "pathway requirement" in *Sullivan*. Rather, relying on the Sixth Circuit's holding in *Reynolds*, Magistrate Judge Lindsay simply found that Plaintiff failed to demonstrate a medically equivalent impairment through any of the three methods (or "pathways") articulated by the Court of Appeals. *See Reynolds*, 424 F. App'x at 414 n.2 (quoting 20 C.F.R. § 416.926; 20 C.F.R. § 404.1526). Magistrate Judge Lindsay did not misinterpret *Sullivan* or *Reynolds*.

Lastly, having independently reviewed the record evidence, the Court agrees ALJ Collins's finding that A.C. does not have two marked limitations is supported by substantial evidence. Plaintiff argues A.C. "equaled the listing and he cited records showing confusion, staring ahead or looking around and unresponsiveness; also cited were length, frequency, accommodations that had to be made in response to the events and that a period of over 12 months was involved." [R. 15, p. 3]. It is unclear what Plaintiff means by "the listing," since ALJ Collins considered whether A.C.'s impairments met or medically equaled several Listed Impairments. However, because Plaintiff specifically mentions only Listing 112.07 in his objection, the Court will presume he is referring to that Listing and does not take issue with ALJ Collins's assessment of any others.

Listing 112.07 provides:

112.07 Somatic symptom and related disorders (see 112.00B6), for children age 3 to attainment of age 18, satisfied by A and B:

    A. Medical documentation of one or both of the following:

        1. Symptoms of altered voluntary motor or sensory function that are not better explained by another medical or mental disorder; or
        2. One or more somatic symptoms that are distressing, with excessive thoughts, feelings, or behaviors related to the symptoms.

    AND

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):
>
>> 1. Understand, remember, or apply information (see 112.00E1).
>> 2. Interact with others (see 112.00E2).
>> 3. Concentrate, persist, or maintain pace (see 112.00E3).
>> 4. Adapt or manage oneself (see 112.00E4).

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 112.07 (eff. Mar. 27, 2017 to Apr. 1, 2021). A "marked" limitation is defined as one where a claimant's "impairment(s) interferes seriously with [his/her] ability to independently initiate, sustain, or complete activities" and "is the equivalent of the functioning [one] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is defined as one where a claimant's "impairment(s) interferes very seriously with [his/her] ability to independently initiate, sustain, or complete activities" and "is the equivalent of the functioning [one] would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(i). While an "extreme" limitation "is the rating [] give[n] to the worst limitations," even it "does not necessarily mean a total lack or loss of ability to function." *Id.*

With respect to the Paragraph B criteria, ALJ Collins found that A.C.'s "mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation." [Tr. 23]. ALJ Collins continued:

> The record supports largely mild to moderate limitations in the first, second, and third "B criteria," and marked limitations in the fourth "B" criterion. As discussed later in this decision, the claimant has significant deficits in adaptive functioning and a persistent lack of danger awareness that warrant marked limits in adapting or managing himself (Exhibits 7F, 9F, 13F, 23F, 24F, 26F, 34F, 35F, 37F, and 38F). However, his school records and the teacher questionnaire indicate he has typically been on grade level at school, he exhibits benefit with ADHD medication with some issues in the afternoons, and he gets along with others (Exhibits 3E, 9F, and 23F). Thus, in considering his overall functioning, further marked limitations or extreme limitations are not warranted in the first through third "B criteria."

*Id.* In his Recommendation, Magistrate Judge Lindsay notes that "both the paragraph A and the paragraph B criteria must be present in order for a claimant to meet Listing 112.07" and that ALJ Collins "cited to numerous records to support his conclusions with respect to the degrees of limitation he assigned to the various paragraph B criteria." [R. 14, pp. 12–13]. Plaintiff, in his Fact and Law Summary and his objection, points to evidence he believes supports a favorable decision, but otherwise fails to articulate how ALJ Collins committed reversible, if any, error. It is well settled that an administrative law judge's decision may be supported by substantial evidence "even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff presents no persuasive arguments demonstrating that either ALJ Collins or Magistrate Judge Lindsay erred in their respective determinations.

For all these reasons, the Court will overrule Plaintiff's objection, adopt Magistrate Judge Lindsay's Report and Recommendation, and affirm the Commissioner's decision.

**IT IS THEREFORE ORDERED** as follows:

1. Magistrate Judge Lindsay's Report and Recommendation [**R. 14**] is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Objection to the Report and Recommendation [**R. 15**] is **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**.

4. A separate Judgment will be entered consistent with this Order.

This the 12th day of June, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Counsel of record